**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR12-01384-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Dariusz Krawczyk, | |
| Defendant. | |

On June 10, 2013, the Court issued an order denying in part and granting in part the motion to suppress filed by Defendant Dariusz Krawczyk.  Doc. 82.  Defendant has filed a motion requesting that the Court reconsider its order with respect to the constitutionality of the pole camera surveillance and the independence of the magistrates who issued the tracking device warrants.  Doc. 85.  The Court will deny the motion.

Motions for reconsideration "are disfavored and will be granted only upon a showing of manifest error or new facts or legal authority which could not have been raised earlier with reasonable diligence." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (quotation marks, brackets, and citations omitted); *see also S.E.C. v. Kuipers*, 399 Fed. Appx. 167, 170 (9th Cir. 2010); LRCiv 7.2(g)(1).  Mere disagreement with an order is an insufficient basis for reconsideration.  *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).  Nor should a motion for reconsideration be used to ask the Court to rethink its analysis.  *Id.*; *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

1      Defendant argues that the placement of the pole cameras in places where persons

2   could not sit or stand, in combination with the long-time duration of the surveillance,

3   constitutes a Fourth Amendment violation.  Doc. 85 at 2-4.  Defendant does not address

4   the high standard governing motions for reconsideration.  Defendant raised the argument

5   about the long-term surveillance in his supplement to his motion to suppress (Doc. 55

6   at 4-5), and the Court addressed and rejected the argument (Doc. 82 at 7).  The Court

7   declines to reconsider this argument.  *See Motorola, Inc. v. J.B. Rogers Mech.*

8   *Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) ("No motion for reconsideration

9   shall repeat in any manner any oral or written argument made in support of or in

10   opposition to the original motion.").

11      As to the first part of the argument, Defendant contends that the pole camera

12   surveillance in his case is distinguishable from the surveillance in *United States v.*

13   *Brooks*, 911 F. Supp. 2d 836, 841-42 (D. Ariz. 2012), and *United States v. McIver*, 186

14   F.3d 1119, 1125 (9th Cir. 1999), and thus the Court erred in relying on those cases.

15   Defendant submits that a person "could not comfortably stand or sit" (Doc. 85 at 4) on

16   the top of a 10 to 12 foot pole or on a roof that has no place for a person to stand (*id.* at 2-

17   3) – the location of the pole cameras in this investigation – but that a person could have

18   stood where cameras were placed in *Brooks* and *McIver*.  The Court does not find that

19   *Brooks* and *McIver* are distinguishable on this basis.

20      Defendant asserts that in *Brooks* "the pole camera was apparently placed in a

21   position where a person could have stood if they chose to" (Doc. 85 at 3), but the Court

22   notes that the pole camera in *Brooks* was "affixed . . . to a service pole on the Jobing.com

23   Arena."  911 F. Supp. 2d at 838.  The Court doubts that a person's ability to stand on the

24   service pole in *Brooks* differed in any relevant way from a person's ability to stand where

25   the cameras were located in this investigation, and, in any event, the court in *Brooks* did

26   not consider whether a person could stand where the camera was located.

27      *McIver*, as even Defendant acknowledges (Doc. 85 at 3), also did not consider

28   whether a person could stand where the cameras were installed.   The location of

surveillance cameras is not significant under the *Katz* reasonable expectation analysis in the same way that location matters under the trespass analysis used in *United States v. Jones*, 132 S. Ct. 945 (2012).  *See id.* at 953 (noting that situations involving the transmission of electronic signals without trespass remain subject to the *Katz* reasonable expectation of privacy analysis).  Under *Katz*, "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection."  389 U.S. 347, 351 (1967).  Thus, what was crucial in both *Brooks* and *McIver* was that the activities observed by the cameras were "visible to any passerby[.]" *Brooks*, 911 F. Supp. 2d at 843; *see also McIver*, 186 F.3d at 1125-26 ("Illegal activities conducted on government land open to the public which may be viewed by any passing visitor or law enforcement officer are not protected by the Fourth Amendment because there can be no reasonable expectation of privacy under such circumstances.").  Testimony from the evidentiary hearing established that the pole cameras viewed activities that a person standing at a different vantage point could have also observed. *See* Doc. 81 at 70-72, 74, 77.  Accordingly, any expectation of privacy in the areas observed by the pole cameras was not reasonable.  *See Florida v. Riley*, 488 U.S. 445, 449-50 (1989) ("As a general proposition, the police may see what may be seen 'from a public vantage point where [they have] a right to be[.]'" (quoting *California v. Ciraolo*, 476 U.S. 207, 213 (1986))).[1]

In his second argument, Defendant relies on *United States v. Leon*, 468 U.S. 897 (1984), to assert that the magistrates' failure to look at Federal Rule of Criminal Procedure 41 "demonstrates conclusively that there was no independence by the magistrates in granting these warrants."  Doc. 85 at 4.  The Court does not agree.  The fact that a magistrate judge fails to note a timing error in a warrant does not show that the

---

[1] The Court agrees with Defendant that the order mistakenly described the fifth pole camera as being "installed at a second residence" (Doc. 82 at 7) as opposed to being installed at a second warehouse location (Doc. 85 at 1-2).  The Court's ruling on the pole cameras is unaffected by this error.

magistrate lacks independence or is biased.  This is particularly where, as here, the warrant is supported by probable cause.  Nor does this argument provide a basis for the suppression of evidence.  *See Leon*, 468 U.S. at 917 ("Judges and magistrates are not adjuncts to the law enforcement team; as neutral judicial officers, they have no stake in the outcome of particular criminal prosecutions.  The threat of exclusion thus cannot be expected significantly to deter them.").

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 85) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/20/2013.

Dated this 25th day of July, 2013.

_____
David G. Campbell
United States District Judge

- 4 -